**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | Case No. 1:24-cv-678 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| MOLLY R. MCCOLLAM, et al., | : | |
| | : | |
| Defendants. | : | |

---

### ORDER AND OPINION

---

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 7).
Defendant Molly R. McCollam filed a Response in Opposition (Doc. 9), to which Plaintiff
filed a Reply in Support (Doc. 11). Thus, this matter is ripe for the Court's review. For the
reasons below, Plaintiff's Motion to Remand (Doc. 7) is **GRANTED**.

### BACKGROUND

Plaintiff Total Quality Logistics, LLC, is an Ohio-based company that provides
third-party logistics services to its customers. (Ver. Compl., Doc. 3, ¶¶ 1, 7.) Defendant
Molly McCollam is a former employee of Plaintiff, who lives in Pittsburgh, Pennsylvania.
(*Id.* at ¶¶ 2, 28.) As a term of Defendant McCollam's employment with Plaintiff, she was
required to sign an "Employee Non-Compete, Confidentiality, and Non-Solicitation
Agreement" ("Agreement"). (*Id.* at ¶ 13.) As part of the Agreement, Defendant McCollam
agreed that, for two years following her employment with Plaintiff, she would not work
with any business in competition with Plaintiff. (*Id.* at ¶ 20; Exhibit A, Doc. 3, Pg. ID 83.)

Defendant McCollam's employment with Plaintiff ended on April 8, 2023. (Ver. Compl., Doc. 3, ¶ 28.) After her termination and within the two-year period prohibited by the Agreement, Defendant McCollam began working with one of Plaintiff's competitors, Defendant Veltri Logistics, LLC. (*Id.* at ¶ 29.)

On October 31, 2024, Plaintiff sued Defendants in the Court of Common Pleas for Clermont County, Ohio. (*See* Ver. Compl., Doc. 3.) The Complaint includes claims for breach of contract, misappropriation of trade secrets, and tortious interference with a business relationship. (*Id.* at ¶¶ 34-59.) Plaintiff seeks a temporary restraining order, preliminary injunction, permanent injunction, compensatory damages, punitive damages, and attorney's fees. (*Id.* at ¶ 59.) Plaintiff also seeks an award "on all counts and claims for all requested relief an amount in excess of $25,000 to be determined at trial, together with pre- and post-judgment interest, in an amount less than $75,000 per defendant." (*Id.*)

On November 25, 2024, Defendants filed a Notice of Removal based on diversity jurisdiction. (Notice of Removal, Doc. 1.) Defendants then moved to dismiss for lack of personal jurisdiction and insufficient service of process (*See* Motion to Dismiss, Doc. 5.) On December 3, 2024, Plaintiff stipulated that "the relief it seeks or will accept against [Defendants] is limited to judgment in a cumulative amount that is less than $75,000.00, inclusive of compensatory damages, punitive damages, attorney fees, and the fair value of any injunctive relief, from each defendant individually and severally." (Stipulation, Doc. 6, Pg. ID 211.) Plaintiff then moved to remand this matter to state court. (Motion to Remand, Doc. 7.)

## LAW & ANALYSIS

On a motion to remand, the question is whether the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The party removing the action to federal court bears the burden of showing that the district court has original jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Courts construe the removal statute strictly in favor of state court jurisdiction and resolve all doubts for remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

In their Notice of Removal, Defendants assert that this action is properly in federal court based on diversity jurisdiction. (Notice of Removal, Doc. 1.) A federal court has diversity jurisdiction if the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The parties only dispute whether the amount-in-controversy requirement is satisfied. (*See* Motion to Remand, Doc. 7; Response, Doc. 8.)

A plaintiff may seek to remand a matter to state court by filing a "stipulation that clarifies that the amount in controversy is less than the jurisdictional threshold." *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, 606 F. Supp. 3d 743, 748 (S.D. Ohio 2022). "As long as the language of the stipulation is sufficiently unequivocal and binding, that stipulation deprives the federal courts of subject matter jurisdiction." *Id.* After all, a plaintiff is the master of its complaint and may plead or stipulate to avoid federal jurisdiction. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007).

Plaintiff's stipulation states:

[Plaintiff] hereby stipulates that the relief it seeks or will accept against

3

> [Defendants] is limited to judgment in a cumulative amount that is less than $75,000.00, inclusive of compensatory damages, punitive damages, attorney fees, and the fair value of any injunctive relief, from each defendant individually and severally. In other words, TQL does not seek nor will it accept from any defendant in excess of $75,000.

(Stipulation, Doc. 6, Pg. ID 211.)

The Court finds that Plaintiff's stipulation unequivocally limits the amount in controversy to no more than $75,000. This Court has reached the same conclusion in considering other similarly worded stipulations *See, e.g., Summit Logistics Grp., LLC*, 606 F. Supp. 3d at 748; *Total Quality Logistics, LLC v. Traffic Tech, Inc.*, No. 1:22-CV-304, 2022 U.S. Dist. LEXIS 133142, at *7 (S.D. Ohio July 26, 2022); *Total Quality Logistics, LLC v. Johnson*, No. 1:21-CV-467, 2021 U.S. Dist. LEXIS 147519, at *6-7 (S.D. Ohio Aug. 5, 2021); *Total Quality Logistics, LLC v. Reed Transp. Servs., Inc.*, No. 1:19-CV-182, 2019 U.S. Dist. LEXIS 213291, at *7 (S.D. Ohio Dec. 11, 2019); *Total Quality Logistics, LLC v. Johnson*, No. 1:19-CV-850, 2019 U.S. Dist. LEXIS 185867, at *7 (S.D. Ohio Oct. 28, 2019).

Defendants contend that the Stipulation is insufficient to support remand because: (1) a stipulation cannot be used to defeat facts already alleged in the complaint; and (2) the complaint alleges damages that exceed the jurisdictional requirement. (Response, Doc. 9, Pg. ID 290-94.) The Court considers each argument in turn.

## I.     The Stipulation Clarifies Damages

Defendants first argue that Plaintiff cannot utilize a stipulation to alter facts it has already alleged in its complaint. (Response, Doc. 9, Pg. ID 290.) It is true that a plaintiff cannot reduce or change its demand by stipulation to avoid federal jurisdiction. *Total Quality Logistics, LLC v. James*, 630 F. Supp. 3d 902, 905 (S.D. Ohio 2022). This, however,

does not prevent a plaintiff from clarifying the amount-in-controversy by stipulation. *Id.* "[I]f a plaintiff *clarifies* by a post-removal stipulation that it never intended to seek an amount exceeding the jurisdictional threshold, then there was no basis for federal jurisdiction in the first place." *Id.*

Here, Plaintiff is not attempting to alter facts alleged in the Complaint. Plaintiff instead filed a binding, unequivocal stipulation which clarifies that it seeks a cumulative judgment less than the jurisdictional threshold. (Stipulation, Doc. 6, Pg. ID 211.) Defendants challenge Plaintiff's Stipulation by citing to *Chinnock v. Experian Info. Solutions, Inc.* No. 1:19-CV-1739, 2019 U.S. Dist. LEXIS 243127 (N.D. Ohio Oct. 25, 2019). (Response, Doc. 9, Pg. ID 291). In *Chinnock*, the court denied a motion to remand because the plaintiff's stipulation was "not the type of unequivocal statement limiting damages to prevent removal." *Chinnock*, 2019 U.S. Dist. LEXIS 243127 at *9. This case is distinguishable, however, because the stipulation here is sufficiently unequivocal and does not seek to reduce the amount in controversy. *James*, 630 F. Supp. 3d at 905; *Summit Logistics Grp., LLC,* 606 F. Supp. 3d at 749. Furthermore, Defendants fail to suggest any shortcoming of Plaintiff's Stipulation or how it shares any similarities to the one in *Chinnock*.

Similarly, Defendants' citation to *Driscoll v. Wal-Mart Stores East, Inc.*, No. 2:09-CV-154, 2009 U.S. Dist. LEXIS 115389 (S.D. Ohio Dec. 10, 2009), underscores significant differences. There, the plaintiff sued the defendant after being injured by an employee in the defendant's store. *Id.* at *1. After the case was removed to federal court, the plaintiff discovered new information spurring him to stipulate that his claimed damages were

5

under $75,000. *Id.* at *3. The plaintiff's motion to remand was denied because "events occurring after removal that reduce the amount in controversy do not oust jurisdiction." *Id.* (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000)). In the current matter, Plaintiff's Stipulation is not based on any new information or events. Rather, the Stipulation properly clarifies that the damages being sought are below the jurisdictional threshold.

## II. Defendants do not Establish that Damages Exceed $75,000

Defendants next challenge remand by arguing that Plaintiff seeks damages in excess of $75,000. (Response, Doc. 9, Pg. ID 291.) To reach a damages calculation sufficient for diversity jurisdiction, Defendants argue that the following claims can be aggregated: (1) jointly filed claims against more than one defendant; and (2) separate claims against individual defendants. (*Id.* at 292-93.)

First, Plaintiff makes no clear indication of joint liability in its Complaint. (*See* Complaint, Doc. 3.) Furthermore, the Stipulation expressly limits Plaintiff's recovery to individual liability. (Stipulation, Doc. 6, Pg. ID 211-12.) Second, "[c]laims against individual defendants cannot be 'aggregated' to meet the amount-in-controversy requirement unless the defendants are jointly liable for the amount sought." *Total Quality Logistics, LLC v. Covar Transp.*, No. 1:17-CV-797, 2017 U.S. Dist. LEXIS 210961, at *7-8 (S.D. Ohio Dec. 22, 2017). Here, the Complaint plainly states that Plaintiff seeks damages "less than $75,000 per defendant." (Ver. Compl., Doc. 3, ¶ 59.) The Stipulation also clarifies that Plaintiff seeks a cumulative judgment that is less than $75,000 "from each defendant individually and severally." (Stipulation, Doc. 6, Pg. ID 221.) The Court will therefore not

aggregate any of Plaintiff's claims when determining the amount in controversy.

Looking next to Plaintiff's individual claims for relief, Defendants must show by a preponderance of evidence that the amount in controversy requirement is satisfied. *Naji*, 665 Fed. App'x. at 401. Defendants, however, provide no sufficient evidence to satisfy their burden. The only evidence Defendants do supply arises from *Total Quality Logistics, LLC v. Alliance Shippers, Inc.* 1:19-CV-1052, 2020 U.S. Dist. LEXIS 104360 (S.D. Ohio Jun. 15, 2020). In *Alliance Shippers*, when assessing damages, the Court considered information from prior lawsuits, such as the amount of lost profits from losing an employee. *Id.* at *13. The Court concluded that compensatory damages approximate $74,098, citing a brief filed by Plaintiff in a previous matter with similar facts and between some of the same parties. *Id.* at *14. Defendants argue that since Plaintiff confirmed in a previous case that the loss of an employee generated $74,098 in lost profits, that the same occurred here. (Response, Doc. 9, Pg. ID 289.)

This argument falls short. Defendants fail to note that the Court in *Alliance Shippers* only considered information from previous lawsuits after concluding that Plaintiff had not unequivocally limited damages. *Alliance Shippers*, 2020 U.S. Dist. LEXIS, at *6. Furthermore, although Plaintiff was a party in *Alliance Shippers*, the case involved different employees and competing company, so it holds little bearing on the value of lost profits here. Thus, since Plaintiff has unequivocally limited damages and Defendants provide no other evidence calculating compensatory damages, Defendants' arguments are unpersuasive.

Defendants next attempt to add punitive damages to satisfy the threshold.

(Response, Doc. 9, Pg. ID 293.) Specifically, Defendants note that two of Plaintiff's three claims, misappropriation of trade secrets and tortious interference, allow for punitive damages. (*Id.* at Pg. ID 292.) This argument also fails. The preponderance standard Defendants face "presumes the presence of evidence. But an argument that adds up the possible recoveries a plaintiff may obtain based only on the allegations in the complaint does not rely on evidence at all. It is speculative." *James*, 630 F. Supp. 3d at 906. Here, Defendants provide only a speculative calculation estimating Plaintiff's damages could exceed $75,000. (Response, Doc. 9, Pg. ID 291-93.) Defendants need not provide just slight evidence, but evidence that makes it more likely than not that the amount in controversy satisfies the jurisdictional threshold. *James*, 630 F. Supp. 3d at 907. Defendants instead provide only speculation, and thus have not met their burden.

As the amount-in-controversy does not exceed $75,000, the Court lacks subject matter jurisdiction. Thus, remand is appropriate.

## CONCLUSION

Because the Court concludes that it lacks subject matter jurisdiction, it will not consider Defendant's Motion to Dismiss (Doc. 5). Based on the foregoing reasons, the Court **ORDERS** the following:

1. Plaintiff's Motion to Remand (Doc. 7) is **GRANTED**;

2. This matter is **REMANDED** to the Court of Common Pleas for Clermont County, Ohio;

3. Defendant's Motion to Dismiss (Doc. 5) is **DENIED AS MOOT** because the Court lacks subject matter jurisdiction; and

8

4.  The matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND
